**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GONZALEZ NICOLAS and A.A.G.M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-70696 <br><br> Agency Nos. <br> A208-181-978 <br> A208-181-979 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and S.R. THOMAS and MILLER, Circuit Judges.

Maria Gonzalez Nicolas petitions for review of a decision by the Board of

Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the history of the case, we need not recount it here.

We review factual determinations by the BIA, including credibility determinations and findings establishing eligibility for asylum, withholding of removal, and protection under CAT for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation modified). But, we only review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons. Stated differently, we do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as most significant and did not otherwise mention." *Kumar*, 18 F.4th at 1152–53 (9th Cir. 2021) (citation modified) (citing *Lai*, 773 F.3d at 970).

I

2

A credibility determination is formed by the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (citation modified). "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances." *Id.* at 1137. Credibility determinations based on an applicant's demeanor are given special deference. *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999).

We conclude that many of the factors relied upon by the BIA are not supported by the record. We therefore grant the petition and remand for the BIA to reconsider its adverse credibility determination. *See Kumar*, 18 F.4th at 1153.

A

The agency found that Gonzalez Nicolas's testimony was inconsistent with the psychotherapist's report because the report chronicled some events that Petitioner had failed to "mention . . . during her testimony." For example, one of the incidents of harm was Mynor throwing Petitioner. However, Petitioner did testify about this incident, albeit using a different description, and her testimony

3

was corroborated by her sister's declaration.[1]  Therefore, there was no inconsistency.

The psychotherapist's report also stated that Petitioner was kicked, bitten *or* hit with a fist.  The use of the word "or" rather than "and" indicates that any three of the actions satisfies the behavior on the Composite Abuse Scale survey.  While Petitioner stated that she was not bitten by Mynor, she indicated several times that she was kicked and hit by Mynor.  As such, there was no inconsistency between Petitioner's testimony and the psychotherapist's report.

The psychotherapist's report also indicated that the Petitioner was harassed over the phone by Mynor during their relationship.  The government lawyer questioned whether he harassed her over the phone *after she left him*.  Thus, there was not necessarily any inconsistency.  Moreover, Gonzalez Nicolas testified that Mynor verbally abused her while they were living together, which is consistent with other descriptions of Mynor's abuse in the psychotherapist's report.

Substantial evidence does not support the finding that Petitioner's testimony was inconsistent with the psychotherapist's report.

B

---

[1] In the sister's declaration, she writes: "I saw this man he pulled the hair of my sister and threw her to the floor."

The agency also concluded that Petitioner's testimony was inconsistent with the declaration provided by her younger sister discussing an experience of abuse in February 2014. While her sister indicated that Mynor's father had been the one to stop Mynor's attack, Petitioner stated that she did not know what caused Mynor to leave and was "not sure" whether Mynor's father returned. While she suggested originally it could have been the presence of her uncle and brother that made him "run away," she indicated that she was too focused on the safety of her child to know how the interaction ended. Petitioner also indicated that, along with her brother and uncle, other people also appeared, which could have included Mynor's father.

Over four years had passed between the traumatic altercation considered here and Petitioner's hearing with the IJ. *Lizhi Qiu v. Barr*, 944 F.3d 837, 844–45 (9th Cir. 2019) ("Petitioner testified that she was confused during the asylum interview and did not remember the details of her exchange with the asylum officer that had taken place five years earlier."), *overruled on other grounds by Alam*, 11 F.4th at 1134; *see also Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010) ("[T]he normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case."). Furthermore, more than just a lapse in memory over time, Petitioner gave adequate reasoning

5

(i.e., that she was focused on her child) to support why she did not know how the interaction ended. *See Munyuh v. Garland*, 11 F.4th 750, 761 (9th Cir. 2021) (holding that the fact the petitioner had been assaulted adequately explained her lack of memory and inconsistencies in her testimony). As such, Petitioner's testimony does not contradict with the declaration of her sister on this point, and there is ample reasoning to support Petitioner's explanation.

## C

While we give the IJ's observations of Petitioner's demeanor special deference, *Singh-Kaur*, 183 F.3d at 1151, this deference is not applied to the IJ's observation of "superfluous and tangential information" provided by Petitioner during testimony, *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) (explaining that "special deference" is accorded only to "non-verbal, and therefore non-textual, factors" (citation omitted)). While the IJ does not need to "provide a pinpoint citation to the record," he or she must "identify the instances where the petitioner is non-responsive." *Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (citation modified). Here, the IJ did not identify any examples of where Petitioner provided "superfluous and tangential" answers. Therefore, this reason is also not supported by substantial evidence.

## D

6

"[C]redibility determinations are made—and must be reviewed—based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam*, 11 F.4th at 1135. Here, after reviewing the totality of the circumstances, many of the BIA's concerns with Petitioner's testimony are not supported by substantial evidence. Accordingly, we remand to the BIA to reconsider its adverse credibility determination. *See Kumar*, 18 F.4th at 1156. In so doing, the BIA may consider the entirety of the record, including the findings of inconsistencies that we have left undisturbed. In addition, we recognize that the body of objective evidence in the record may expand following a renewed credibility determination by the agency. Therefore, we remand the adverse credibility determination to the agency for reconsideration on an open record.[2]

## II

Because the adverse credibility determination affected the denial of the asylum, withholding of removal, and protection under CAT claims, we also remand those claims for reconsideration.

---

[2] The IJ also identified inconsistent testimony in Petitioner's identification of the birth date of her son, and when Petitioner's mother was told by her neighbor that Mynor was threatening to hurt Petitioner if Petitioner returned to Guatemala. The BIA did not explicitly discuss these in affirming the IJ's determination. In both instances, Petitioner provided clarification or valid explanation for the purported inconsistencies, so the BIA may not use them in support of a renewed adverse credibility determination on remand.

In conclusion, we **GRANT** the petition for review and **REMAND** to the BIA to provide a renewed credibility determination and subsequent asylum, withholding of removal, and protection under CAT determinations in alignment with this memorandum.  The parties shall bear their own costs.  Petitioner's motion to stay removal (Dkt. No. 1) is granted.

**PETITION GRANTED AND REMANDED.**